J-S63018-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                         :            PENNSYLVANIA
                                         :

                   v.                        :
                                         :

SEAN DARRELL CASTAPHENY     :
                                         :

              Appellant        :     No. 215 WDA 2018

Appeal from the PCRA Order November 21, 2017
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0000520-2014,
CP-11-CR-0001309-2015

BEFORE: OTT, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY MURRAY, J.:            FILED OCTOBER 31, 2018

Sean Darrell Castapheny (Appellant) appeals the order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Upon review, we affirm.

This case sets forth a unique and confusing procedural history. On January 16, 2015, Appellant entered a negotiated guilty plea to firearms not to be carried without a license, robbery, and aggravated assault relating to crimes committed on January 27, 2014 (hereinafter referred to as Case 1). The trial court sentenced Appellant to 12 to 48 months in prison, with credit

_____

*   Former Justice specially assigned to the Superior Court.

for time served and automatic parole upon serving the minimum sentence.[1]
No direct appeal was filed.[2]

In May 2015, Appellant was charged with various drug and firearms crimes stemming from a robbery-in-progress that occurred on May 18, 2015 (hereinafter referred to as Case 2). Of relevance to this appeal, upon arriving at the scene, police discovered Appellant's black book bag containing a fully loaded .38 caliber revolver. At the time of the incident, Appellant specifically denied ownership of the book bag, and thus abandoned it, permitting officers to search the book bag without his consent. Appellant subsequently filed a motion to suppress, seeking to suppress the firearm. A suppression hearing was held on October 14, 2015, and the trial court denied Appellant's motion to suppress on October 19, 2015. On December 23, 2015, the trial court conducted a bench trial in Case 2, after which Appellant was acquitted of five of the six counts. Appellant was found guilty of one count of firearms not to

_____

[1] On January 29, 2015, the trial court amended Appellant's sentence to reflect the credit for time served, however all other aspects of the January 16, 2015 sentencing order remained "in full force and effect." Amended Sentencing Order, 1/29/15.

[2] On February 12, 2016, Appellant filed a PCRA petition relating to his convictions at Case 1. The PCRA court denied his petition without a hearing. On March 21, 2016, Appellant filed pro se a second PCRA petition relating to his convictions at Case 1. In his petition, Appellant asserted that counsel was ineffective for failing to file a motion to withdraw his guilty plea. On March 30, 2016, the PCRA court issued a notice pursuant to Pa.R.Crim.P. 907 informing Appellant that it planned to deny his petition without a hearing. Appellant did not file a response, and the PCRA court entered an order denying his petition on April 20, 2016.

be carried without a license. On January 28, 2016, the trial court sentenced Appellant to 30 to 72 months in a state correctional institution, boot camp eligible with credit for time served. Appellant filed a direct appeal, challenging the denial of his motion to suppress, and this Court affirmed his judgment of sentence on March 27, 2017. See Commonwealth v. Castapheny, 269 WDA 2016 (Pa. Super. March 27, 2017) (unpublished memorandum).

Based upon the charges brought in Case 2, the Commonwealth petitioned for a parole violation hearing in Case 1. On February 11, 2016, a parole violation hearing was held and the trial court sentenced Appellant to 18 months in prison for violating of the terms of his parole to be served consecutively to his sentence at Case 2. Appellant filed a post-sentence motion seeking to modify his sentence, which the trial court denied on February 18, 2016. No direct appeal was filed.

On May 4, 2017, Appellant filed the instant PCRA petition. Counsel was appointed and filed an amended PCRA petition on July 28, 2017, and a second amended PCRA petition on August 4, 2017. In his second amended petition, Appellant alleged, inter alia, that the sentence he received after his parole violation hearing was an illegal sentence and that he received ineffective assistance of counsel during Case 2. The PCRA court held a hearing on Appellant's petition on November 7, 2017, and thereafter denied Appellant's petition on November 21, 2017. This appeal followed. Both Appellant and the PCRA court have complied with Pennsylvania Rule of Appellant Procedure 1925.

Appellant presents the following issues for our review:

1. Was trial counsel ineffective in failing to object to or subsequently remedy an illegal sentence [Appellant] received, in the aggregate, on the above-captioned cases; i.e. his 48 month to 90 month sentence?

2. Was trial counsel ineffective in failing to fully appraise [Appellant] of the effect that remaining silent at trial would have on his appeal options relative to the issue of abandonment?

Appellant's Brief at 6.

We begin by noting our well-settled standard of review. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." Commonwealth v. Fears, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." Commonwealth v. Spotz, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." Commonwealth v. Robinson, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions de novo. Commonwealth v. Rigg, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

Initially, we must address the fact that Appellant filed a single PCRA petition with issues that relate to two different docket numbers. Specifically,

Appellant's first issue relates to his sentence imposed at Case 1, while Appellant's second issue challenges the effectiveness of trial counsel in Case 2. This Court has determined:

> "Where [] one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed." Note to Pa.R.A.P. 341 (citing Commonwealth v. C.M.K., 932 A.2d 111, 113 n.3 (Pa. Super. 2007)). In C.M.K., this Court quashed a single appeal from two judgments of sentence imposed on codefendants who were convicted and sentenced individually on different charges. C.M.K., 932 A.2d at 112. We noted that the filing of the joint appeal in that instance was unworkable because the appeals required individualized arguments, separate appellate analyses of the evidence, and distinct examination of the different sentences imposed. Id.
>
> *   *   *
>
> While our Supreme Court recognized that the practice of appealing multiple orders in a single appeal is discouraged under Pa.R.A.P. 512 (joint appeals), it previously determined that "appellate courts have not generally quashed [such] appeals, provided that the issues involved are nearly identical, no objection to the appeal has been raised, and the period for appeal has expired." K.H. v. J.R., 826 A.2d 863, 870 (Pa. 2003) (citation omitted).

In the Interest of: P.S., 158 A.3d 643, 648 (Pa. Super. 2017) (footnote omitted).

More recently, on June 1, 2018, the Pennsylvania Supreme Court, in Commonwealth v. Walker, 185 A.3d 969 (Pa. 2018), held that such practice violates Pennsylvania Rule of Appellate Procedure 341, and the failure to file separate notices of appeal for separate dockets must result in quashal of the appeal. See id. at 977. The Court, however, announced that its holding would apply prospectively only.

Here, Appellant filed his notice of appeal on December 13, 2017, and therefore, we decline to quash the present appeal which was pending before this Court at the time Walker was filed. Likewise, under the facts presented, we decline to quash this appeal based on the analysis set forth in C.M.K. Although Appellant's issues require individualized arguments and separate appellate analyses of the evidence, we note that the Commonwealth has not objected to Appellant's procedural error either before the PCRA court or this Court.

Finally, although we decline to quash Appellant's appeal based upon these procedural missteps, we must address whether we have jurisdiction to hear Appellant's appeal as it pertains to Case 1, in which Appellant argues that his sentence is illegal. More specifically, we must determine whether Appellant's first issue on appeal satisfies the jurisdictional timeliness requirements of the PCRA.

"Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." Commonwealth v. Monaco, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting Commonwealth v. Robinson, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment became final, unless one of the three statutory exceptions applies:

> (i)      the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

>      (ii)      the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
>      (iii)      the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). If a petition is untimely, and the petitioner has not pled and proven any exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." Commonwealth v. Derrickson, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting Commonwealth v. Chester, 895 A.2d 520, 522 (Pa. 2006)).

Appellant's first issue, which relates to Case 1, is facially untimely. "A judgment is deemed final 'at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.'" Monaco, 996 A.2d at 1079 (quoting 42 Pa.C.S.A. § 9545(b)(3)). The trial court resentenced Appellant for his parole violation on February 11, 2016. Appellant filed a post-sentence motion, which the trial court denied on February 18, 2016, but did not file a direct appeal. Therefore, Appellant's judgment of sentence became final 30 days from February 18, 2016, or March

- 7 -

21, 2016. See Pa.R.A.P. 903(a) ("Except as otherwise prescribed by this rule, the notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken."). Under Section 9545(b)(1), Appellant needed to file a PCRA petition one year from March 21, 2016, or March 21, 2017. Appellant's PCRA petition, however, was not filed until May 4, 2017. Accordingly, we are without jurisdiction to decide Appellant's appeal unless he pled and proved one of the three timeliness exceptions of Section 9545(b)(1). See Derrickson, 923 A.2d at 468.

Appellant has failed to prove the applicability of any of the exceptions to the PCRA's time restrictions. Within his PCRA petition, Appellant asserts that his post-conviction petition was timely because of the interference by government officials in the presentation of the claim. According to Appellant, because his direct appeal as to Case 2 was pending before this Court, he was unable to file a PCRA petition raising claims relating to Case 1. Appellant contends that he was told he "had to wait until the whole process with [Case 2] was over before [he could try] to raise" a PCRA claim. N.T., 11/7/17, at 7.

Appellant's claim of governmental interference is unsupported by the certified record. First, we note that Appellant raised his governmental interference claim in connection with his desire to withdraw his guilty plea in Case 1, not in relation to the legality of his sentence after the parole violation hearing. See id. at 6-7. Appellant has failed to specifically prove the applicability of any of the exceptions to the PCRA's time restrictions regarding his legality of sentence claim. Moreover, our review of the sentencing

transcripts refutes Appellant's claim, as the trial court properly informed Appellant of his appellate rights, see id. at 15-17, and Appellant knowingly waived them. In fact, the record reflects that Appellant's counsel explained on the record to Appellant that Appellant's "rights with respect to challenging the sentence [at Case 1] is separate, it's a completely separate matter from a PCRA proceeding potentially against . . . your former counsel, in a completely different case." Id. at 17-18.

In sum, because Appellant's first claim, which relates to Case 1, is patently untimely, and Appellant has not met his burden of establishing an exception to the PCRA's time-bar, the PCRA court correctly determined that it lacked jurisdiction to address the substantive claim raised by Appellant. We therefore affirm the PCRA court's order denying Appellant's first claim for post-conviction relief.

For his second claim, Appellant challenges trial counsel's effectiveness. In deciding ineffective assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance. Commonwealth v. Bomar, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." Id. (citation omitted). If the

petitioner fails to prove any of these prongs, the claim is subject to dismissal. Id.

"Relating to the reasonable basis prong, [g]enerally, where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests." Commonwealth v. Koehler, 36 A.3d 121, 132 (Pa. 2012) (quotations and citation omitted). "Courts should not deem counsel's strategy or tactic unreasonable unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." Id. (quotations and citation omitted). To demonstrate prejudice in an ineffective assistance of counsel claim, "the petitioner must show that there is a reasonably probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Commonwealth v. King, 57 A.3d 607, 613 (Pa. 2012).

Appellant argues that the PCRA court erred in concluding that trial counsel was not ineffective for failing to "fully apprise him of the effect that remaining silent at a suppression hearing would have on his appeal options . . . ." Appellant's Brief at 12. Appellant contends that had trial counsel "made [him] aware of what the legal consequences would be if he did not assert ownership of the book bag" – treating the book bag as abandoned with no reasonable expectation of privacy – "he would have testified truthfully that the book bag was his." Id. Appellant suggests that trial counsel's

ineffectiveness "closed the door on what would have been a meritorious appeal option." Id.

In rejecting his ineffective assistance of counsel claim, the PCRA court concluded that Appellant failed to prove by a preponderance of the evidence that trial counsel was ineffective. Specifically, the PCRA court noted:

> [Appellant] did not subpoena [trial counsel] as a witness despite knowing he would be raising a challenge of ineffective assistance of counsel and so there was no testimony from [trial counsel] on this issue. The only evidence came from [Appellant's] own self-serving testimony that [trial counsel] never discussed the pros and cons of testifying at the suppression hearing with [Appellant]. This testimony is insufficient to establish ineffectiveness in light of the lack of testimony from [trial counsel] as to the basis for his decision not to have [Appellant] testify as well as his testimony relative to any conversations he may have had with [Appellant] on this issue.

PCRA Opinion, 2/19/18, at 10.

We agree with the PCRA court that Appellant's failure to call trial counsel is fatal to his claim that counsel was ineffective for failing to have Appellant testify at the suppression hearing. Without testimony from trial counsel, the PCRA court could not determine counsel's reason for not calling Appellant; indeed there are a number of reasons why trial counsel might make such a strategic choice. Because trial counsel did not testify, it was impossible for the PCRA court to determine whether the failure to have Appellant testify at the suppression hearing was the product of a reasonable strategic choice. Therefore, Appellant failed to meet his burden of showing that counsel had no reasonable basis for his actions, and we conclude that the PCRA court did not

err in determining that counsel was not ineffective for failing to have Appellant testify at the suppression hearing.  See Bomar, 104 A.3d at 1188.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  <u>10/31/2018</u>